J-S48020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL TONY LANE | : | |
| | : | |
| Appellant | : | No. 1406 EDA 2024 |

Appeal from the PCRA Order Entered May 3, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003487-2002

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 19, 2025**

Appellant Michael Tony Lane appeals *pro se* from the order denying his third petition filed pursuant to the Post Conviction Relief Act (PCRA).[1] On appeal, Appellant concedes that his PCRA petition is untimely and that he has not pled any of the enumerated exceptions to the PCRA time-bar, but he argues that he is entitled to relief under the courts' inherent power to correct illegal sentences. We affirm.

The factual and procedural history of this case is well known to the parties, and we need not re-state it here. Of relevance, a previous panel of this Court set forth the following:

> In August 2003, a jury convicted [Appellant] of multiple counts of robbery and aggravated assault and other crimes arising from an incident in which he stole money from a gas station convenience store and stabbed the attendant in the hands, severing multiple

_____

[1] 42 Pa.C.S. §§ 9541-9546.

tendons. In December 2003, the [trial] court sentenced [Appellant], who had two prior murder convictions and a history of other violence, to a term of life imprisonment without parole under the "three strikes" law, having found that a sentence of twenty-five years of total confinement was insufficient to protect the public safety. *See* 42 Pa.C.S. § 9714(a)(2).

Following a complicated procedural history not relevant to this appeal, this Court affirmed [Appellant's] judgment of sentence. *See Commonwealth v. Lane*, [2494 EDA 2015, 2016 WL 6997690 (Pa. Super. filed Nov. 30, 2016) (unpublished mem.)]. The Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal on January 23, 2018. *See Commonwealth v. Lane*, 179 A.3d 1077 (Pa. 2018).

In March 2018, [Appellant] filed a first PCRA petition, which the PCRA court dismissed following a hearing. *See Commonwealth v. Lane*, [1051 EDA 2019, 2021 WL 2029806 (Pa. Super. filed June 25, 2021) (unpublished mem.)]. [Appellant] filed a *pro se* notice of appeal after a *Grazier*[FN3] hearing, [and subsequently] retained new counsel, Matthew Rapa, Esquire (Attorney Rapa). After Attorney Rapa filed a statement of intent to file an *Anders* "no merit" brief,[FN4] [Appellant] sought and received a second *Grazier* hearing and received permission to proceed *pro se*. This Court affirmed the dismissal of [Appellant's] first PCRA petition in May 2021. *See Lane*, . . . 2021 WL 2029806 at *6.

> [FN3] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

> [FN4] *See Anders v. California*, 386 U.S. 738 (1967). Counsel petitioning to withdraw from PCRA petition must not proceed under *Anders*, but under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, because an *Anders* brief provides greater protection to a defendant, this Court could have accepted an *Anders* brief *in lieu* of a *Turner*/*Finley* "no merit" letter. *See Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

[Appellant] filed a "Petition for Writ of *Habeas Corpus*," asserting that Attorney Rapa's statement of intent to file an *Anders* brief deprived him of his right to counsel. *See* Petition for Writ of *Habeas Corpus*, 12/17/21, at 2. The PCRA court regarded [Appellant's] petition as a PCRA petition and on March 17, 2022

> dismissed it as untimely after it issued a notice pursuant to Pa.R.Crim.P. 907, and [Appellant] filed a *pro se* response which asserted the "newly discovered fact" exception to the time bar under 42 Pa.C.S. § 9545(b)(1)(ii).

*Commonwealth v. Lane*, 918 EDA 2022, 2023 WL 600737, at *1 (Pa. Super. filed Jan. 27, 2023) (unpublished mem.) (some formatting altered).

This Court affirmed the PCRA court's dismissal of Appellant's second PCRA petition on January 27, 2023. *See id.*, 2023 WL 600737, at *4.

Appellant filed the instant PCRA petition, his third overall, on December 19, 2023. The PCRA court entered a notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 on February 14, 2024, and Appellant filed a timely response. The PCRA court dismissed Appellant's PCRA petition on May 3, 2024.

Appellant filed a timely notice of appeal on May 20, 2024. Both Appellant and the PCRA court complied with the directives of Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Whether the [PCRA] court erred and abused its discretion in dismissing Appellant's [PCRA] petition alleging insufficient reason exists to support differential treatment among individuals?

Appellant's Brief at 3 (formatting altered).

Our review of the denial of PCRA relief is limited to "whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

"[T]he timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa. Super. 2015) (citation omitted). A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless the petitioner pleads and proves one of three statutory exceptions. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final for PCRA purposes "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d

1091, 1094 (Pa. 2010) (citations omitted and some formatting altered). If a petition is untimely, and none of the timeliness exceptions are met, courts do not have jurisdiction to address the substance of the underlying claims. *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

Here, this Court affirmed Appellant's judgment of sentence on November 30, 2016, and our Supreme Court denied Appellant's allowance of appeal on January 23, 2018. Appellant did not file a petition for a writ of *certiorari* with the Supreme Court of the United States. Therefore, Appellant's judgment of sentence became final on April 23, 2018. *See* 42 Pa.C.S. § 9545(b)(3) (stating that the judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); U.S. Sup. Ct. R. 13(1). Accordingly, Appellant had until April 23, 2019 to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Therefore, Appellant's instant PCRA petition, filed on December 19, 2023, is facially untimely.

In his brief, Appellant concedes that the instant petition is untimely and that he does not plead any of the exceptions to the PCRA time bar. *See* Appellant's Brief at 11. Rather, Appellant contends that he is entitled to relief because the PCRA court has the inherent power to correct "obvious and patent mistakes" that "is not eliminated by the expiration of the thirty-day appeal period." *Id.* at 12.

The correction of an illegal sentence is a claim that is cognizable under the PCRA. *Commonwealth v. Moore*, 247 A.3d 990, 993 (Pa. 2021). While

- 5 -

such a claim is cognizable, it is still subject to the PCRA's jurisdictional time limits as set forth in Section 9545(b).  ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999); ***see also Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011).

Appellant in the instant case seeks a correction of what he argues is an illegal sentence, despite the PCRA court not having jurisdiction to consider Appellant's untimely petition.  We, therefore, conclude that the PCRA court's finding is supported by the record and free from legal error.  ***See Lawson***, 90 A.3d at 4.  Because Appellant's illegal sentence claim is cognizable under the PCRA, he must comply with its time requirements.  ***See Fahy***, 737 A.2d at 223; ***Jackson***, 30 A.3d at 521.  By Appellant's own admission, he does not plead any exceptions to the PCRA's time bar.  ***See*** Appellant's Brief at 11.  Accordingly, we affirm the PCRA court's order dismissing the instant petition.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/19/2025